CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 16 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DANIEL PAYNE SHADWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:11-cv-00065 |
| | ) | Civil No. 5:11-cv-00067 |
| v. | ) | |
| | ) | |
| PHILLIP GRIFFIN, | ) | |
| | ) By: | Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

## MEMORANDUM OPINION

Pro se plaintiff Daniel Payne Shadwell "Shadwell", seeking to proceed in forma pauperis, filed a complaint (5:11-cv-00065) alleging claims under 42 U.S.C. § 1983 and 18 U.S.C. § 241 against defendant Phillip Griffin "Griffin," an alleged resident of Frederick, Virginia.[1] Shadwell makes allegations without any apparent connection to Griffin, including the fact that his driver's license has been continually suspended without notice "and in direct violation of official state policies and procedures."[2] (5:11-cv-00065, Dkt. # 2, 1.) He alleges injury resulting from a "systematic pattern of Virginia's 'special class' of Agents [sic] and their violation of citizens rights," and brings this case before the court "for review of the root cause of such wanton disregard for a citizen's civil rights, due process, and enduring abuse." (5:11-cv-00065, Dkt. # 2,

---

[1] These statutes are absent from Shadwell's complaint, (5:11-cv-00065, Dkt. # 2), but can be found on the Civil Cover Sheet (5:11-cv-00065, Dkt. # 2-1). Shadwell's complaint also does not identify the defendant outside of the Civil Cover Sheet, (5:11-cv-00065, Dkt. # 2-1), but generally discusses grievances with "a state employee" and "Virginia's 'special class' of Agents [sic]." (5:11-cv-00065, Dkt. # 2, 2.) Although pro se pleadings are held to a relaxed standard, the court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (citing Neitzke v. Williams, 490 U.S. 319, 330 n. 9, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). The court cannot assume, and at no time does the complaint allege, that Griffin is a government employee, let alone the state employee referenced in the complaint.

[2] Shadwell also alleges, as one of his grievances, that his own previous filing against "state actors" has caused himself "further tortuous [sic] injury." (5:11-cv-00065, Dkt. # 2, 1.)

2.) Additionally, Shadwell mentions that certain unspecified actions of the 2008 General Assembly exceeded Constitutional authority, and that he has been repeatedly and unjustly incarcerated for false debts to the Commonwealth.

Shadwell filed a second complaint (5:11-cv-00067) against the Division of Motor Vehicles ("DMV") and the Division of Child Support Enforcement ("DCSE"), also alleged to be in Frederick, Virginia. This complaint consists of a civil cover sheet, and a signed print-out of a state court docket where Shadwell appears to be the plaintiff. Shadwell's cover sheet only lists, "TITLE 18, TITLE 28 1915 TITLE 42, TORT, TITLE 18, 31 AND OTHERS," as the civil statutes under which he is filing, and describes his cause as "STATE DENY IFP TRANSCRIPTS, COURT ORDER NO PETITIONS FOR REDRESS ALLOWED." (5:11-cv-00067, Dkt. # 2-1.) No other information exists within these two pages as to Shadwell's allegations.

This court has previously dismissed similar, seemingly related complaints by Shadwell for failure to state a claim for relief that was plausible on its face. Shadwell v. Clark, No. 5:09-cv-00071, 2009 WL 2970515 (W.D. Va. Sept. 16, 2009); Shadwell v. Clark, No. 5:09-cv-00061, 2009 WL 2596617 (W.D. Va. Aug. 20, 2009). The current actions fail as well. Accordingly, the court **GRANTS** Shadwell's applications to proceed without prepayment of fees,[3] but

---

[3] Although 28 U.S.C. § 1915(a)(1) states
> [s]ubject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a personal who submits an affidavit that includes a statement of all assets such *prisoner* possesses...,

28 U.S.C. § 1915(a)(1) (2006) (emphasis added), case law makes it clear that the affidavit requirement of this statute applies to all persons, not just prisoners. While the Fourth Circuit has only indirectly addressed the issue, see Michau v. Charleston County, 434 F.3d 725 (4th Cir. 2006) (indicating that 28 U.S.C. § 1915(e) governs in forma pauperis filings *in addition to* complaints filed by prisoners) (emphasis added), the Third, Fifth, Tenth, and Eleventh Circuits have all found that the affidavit requirement of 28 U.S.C. § 1915(a)(1) applies to all persons. See Douris v. Middletown Township, 293 F. App'x 130, 2008 WL 4195150 *132 (3rd Cir. 2008) (stating that "[t]he reference to prisoners in § 1915(a)(1) appears to be a mistake. In forma pauperis status is afforded to *all* indigent persons, not just prisoners") (emphasis added); Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) (noting that [s]ection 1915(a) applies to *all* persons applying for IFP status, and not just to prisoners") (emphasis added);

2

**DISMISSES** both of his complaints pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

I.

Pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). A court must read pro se pleadings to state a valid claim if it can reasonably do so, "despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements." Scott v. Miller, No. 08-298, 2009 WL 4937863, *3 (W.D. Pa. Dec. 15, 2009) (citing Boag v. MacDougall, 454 U.S. 364 (1982)).

Bearing these liberal pleading rules in mind, a court shall "at any time" dismiss an in forma pauperis complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint must be dismissed for failure to meet this standard, Courts of Appeals have applied the plausibility standard of Bell Atl. Corp. v. Twombly, 550 U.S. 544, (2007). See, e.g., Goodman v. Wexford Health Sources, Inc., No. 09-6996, 2011 WL 1594915, at *1 (4th Cir. Apr. 28, 2011); Brown v. City of Pittsburgh, 325 F. App'x 57, 59 (3d Cir. 2009); Hall v. Sec'y for Dep't of Corr., 304 F. App'x 848, 849 (11th Cir. 2009); Killebrew v. St. Vincent Health, Inc., 295 F. App'x 808, 810 (7th Cir. 2008); Garza v. Bandy, 293 F. App'x 565, 566 (10th Cir. 2008); Bray v. Young, 261 F. App'x 765, 767 (5th Cir. 2008). The court must dismiss a complaint "if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face,' " Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "'Threadbare recitals of the

---

Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004) (stating that "[d]espite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP" (emphasis added); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997) (holding that "the PLRA requires *all* petitioners to file an affidavit complying with section 1915(b)") (emphasis added).

3

elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim." Walker v. Prince George's County, 575 F.3d 426, 431 (4th Cir. July 30, 2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)).  Accordingly, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.

## II.

Pursuant to 42 U.S.C. § 1983, a person acting under color of law who "subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Shadwell appears to bring his claims regarding the suspension of his driver's license, the actions of the General Assembly, and his alleged illegal incarceration, under § 1983. Shadwell's additional allegation regarding a systematic pattern of Virginia agents violating citizens' rights is construed under 18 U.S.C. § 241, concerning the conspiracy of two or more persons "to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him."[4]

Shadwell's complaint in 5:11cv065 cannot be reasonably read to state valid claims. In fact, his so-called "Verified Complaint" appears to be two pages from some sort of unidentified state court appellate document, to which he has attached various civil docket sheets from the City of Winchester Circuit Court. Nothing in his filings in this case comes close to establishing the jurisdiction of a federal court to hear this case, nor can anything be construed to state a federal claim. As best the court can discern, Shadwell complains that this driver's license has been

---

[4] Although not referenced in his "Verified Complaint," Shadwell's civil cover sheet makes reference to 42 U.S.C. § 666, a federal statute requiring states to have certain procedures in place to improve effectiveness of child support enforcement and "RICO between lawyer, state, judge, state courts." (5:11-cv-00065, Dkt. # 2.) Nothing in Shadwell's rambling filings explains these references. As such, they do not of themselves state any claim. Shadwell also refers to 14 U.S.C. § 1673 in his civil cover sheet, but there is no such section in the United States Code, and title 14 concerns the United States Coast Guard. (5:11-cv-00065, Dkt. # 2.)

4

administratively suspended several times without the involvement of a state juvenile and domestic relations court. Shadwell claims that he was in compliance with the order of a state court, and that, as such, his driver's license was somehow wrongly suspended. Shadwell makes some allusion to a false 911 call and a conspiracy by "Virginia's special class of agents" to violate his civil rights. Shadwell complains that some unspecified 2008 legislation enacted by the Virginia General Assembly was an unconstitutional "Bill of Attainder," and makes some allusion to "repeated incarcerations for alleged debts due to The commonwealth whereby no such debt has ever been Validated. [sic]" None of Shadwell's ramblings make any sense or can reasonably be construed to state a claim.

To the extent that his reference to 18 U.S.C. § 241 on the civil cover sheet can be construed to assert a claim under that criminal statute, Shadwell's claim must fail. "[C]riminal statutes cannot be enforced by civil actions. Serious constitutional problems are encountered in any attempt to impose criminal sanctions by way of civil procedures. Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government . . . ." Bass Angler Sportsman Soc. v. U.S. Steel Corp., 324 F. Supp. 412, 415 (S.D. Ala. 1971) (citing United States v. Claflin, 97 U.S. 546 (1878)) (citing United States v. Jourden, 193 F. 986 (9th Cir. 1912)) (citing Helvering v. Mitchell, 303 U.S. 391 (1938)) (citing Lipke v. Lederer, 259 U.S. 557 (1922)).

Shadwell likewise refers to 42 U.S.C. § 1983 in the civil cover sheet, but this reference is likewise unavailing. (5:11-cv-00065, Dkt. # 2.) Such claims are appropriately brought against those acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. Shadwell does not allege that the only named defendant, Griffin, is such an actor. Moreover, even if the court were to find (1) that

5

Griffin, the only named defendant in this action, was the individual alleged to be responsible for Shadwell's claims and (2) that Shadwell has rights protected by the Constitution or federal law in relation to these claims, the complaint plainly does not meet Twombly's plausibility standard. Shadwell's complaint consists of random, disjointed, and conclusory statements lacking any factual basis. His allegations in no way raise a right to relief above a speculative level or provide sufficient facts to state a claim that is plausible on its face. Accordingly, the court dismisses Shadwell's complaint because it fails to state a claim upon which relief may be granted.

Shadwell's subsequent complaint (5:11-cv-00067) against the DMV and DCSE is even more attenuated. This "Verified Complaint" consists of a copy of a docket sheet from a case in the City of Winchester Circuit Court and contains no allegations whatsoever against anyone. Accordingly, there is no determinable claim for the court to consider, let alone one that is plausible on its face. As the "Verified Complaint" contains no allegations at all, the court must likewise dismiss this case for failure to state a claim upon which relief may be granted.[5]

For the foregoing reasons, the court **GRANTS** Shadwell's application to proceed without prepayment of fees but **DISMISSES** Shadwell's complaints.

Entered: August 15, 2011

Michael F. Urbanski
United States District Judge

---

[5] As noted above, civil cover sheet in 5:11cv067 states that it is based on "Title 18, Title 28, 1915 Title 42, Tort, Title 18, 31 and others." As to the brief description of the cause of action, it states "State Deny IFP Transcripts, Court Order No Petition for Release Allowed." These snippets suggest that a state court may have denied Shadwell's IFP status or issued some sort of prefiling injunction against frivolous filings. No explanation is provided, and the court declines to guess as to what Shadwell may be referring.